Don Dao, Esq. (SBN #152772)
Premier International Law Group
575 Anton Blvd, Suite 300
Costa Mesa, CA, 92626
888-202-2042
888-958-1151

**Attorneys for Plaintiff, Michael Phu**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| Michael Phu, an individual, | Case No.: 8:15-cv-00285-DOC-DFM |
| Plaintiff, | |
| v. | **OPPOSITION BRIEF TO DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS** |
| Nation Star Mortgage, a Texas LLC; Trustee Sale Company, Countrywide Home Loans, Inc.; BANK OF AMERICA, N.A., a California Corporation; JPMORGAN CHASE BANK, N.A. and DOES And Doe Defendants 1_25 | Date:  March 30th, 2015<br>Time: 8:30a<br>Crtrm: 9D |
| Defendants. | |

**PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT**

**NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Come now Plaintiffs, by and through the undersigned counsel, and respond to Defendant Nationstar Mortgage LLC's Motion to Dismiss, and urge this Honorable Court to deny these motions in their entirety, and argue as follows:

**I.**

**STATEMENT OF FACTS**

Plaintiff, Michael Phu, is the owner of residential property located at 8161 East Marblehead

1

1   Way, Anaheim, CA, 92808.  Complaint, Doc. 1, 3:25-26.  On November 16, 2004, plaintiff

2   received a home mortgage loan from Countywide Home Loans, Inc., and recorded a deed of trust

3   in the amount of $650,000.  Complaint, Doc. 1, 3:28; 4:1-3.  The beneficiary of this deed of trurst

4   has since become Nationstar Mortgage LLC ("Nationstar").  A second deed of trust was also

5   recorded on the property, loan number 0661095372, in the amount of $225,000 served by

6   JPMorgan Chase Bank.   Complaint, Doc. 1, 4:4-5.

7        Plaintiff communicated with Defendants that he was in the process of obtaining a

8   modification on the subject property in order to reduce his interest rate with a loan modification

9   and had obtained the services of Defendant Bank of America, on or about March 2, 2011.

10  Complaint, Doc. 1, 4:6-10.  On July 7, 2011, Plaintiff received a Notice of Trustee sale for an

11  amount due of $845,225.50.  Complaint, Doc. 1, 4:11-12.  Plaintiff never received any notice for

12  default and believed the modification to be forthcoming and approved from Bank of America.

13  Complaint, Doc. 1., 4:17-19.

14       Finally, plaintiff only speaks Vietnamese, and negotiated his loan contract in Vietnamese.

15  Plaintiff had his agreement signed and processed through a broker, but was not given a translated

16  version of the loan agreement, as required by California Civil Code § 1632. Complaint, Doc. 1,

17  14:60; 15:1-6.

18       On January 14, 2015, Nationstar sent a letter to Plaintiff Michael Phu providing notice of

19  default and stated that the outstanding debt on the loan was $957,606.83.  Exhibt B.  Defendant

20  Nationstar's notice of default and election to sell under deed of trust referenced the Countrywide

21  Home Loans senior lien, Instrument No. 2004001026936, in the principal amount of $650,000.

22  Exhibit B.  Defendant Nationstar also provided another notice of default and election to sell under

23  deed of trust regarding a loan in the amount of $292,198.66.  The foreclosure sale date is May 8,

24  2015.  Exhibit A.

25                          **III.**

26                     **LEGAL STANDARD**

27       Under Federal Rule of Civil Procedure 8(a)(2), plaintiff need only set out a "short and

28  plain statement of the claim showing that the pleader is entitled to relief," in order to survive a

- 2 -

1  motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "All

2  allegations of material fact in the complaint are taken as true and construed in the light most

3  favorable to the plaintiff." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008).

**IV.**

**ARGUMENT**

**A.  Plaintiff Michael Phu's Complaint is not globally deficient**

In determining whether the plaintiff has stated sufficient facts to satisfy the elements of a claim, "detailed factual allegations" are not required.  *Twombly v. Bell Atlantic,* 550 U.S 544, 555 (2007).  Defendant Nationstar LLC argues that Plaintiff Michael Phu's complaint should be dismissed because it is "globally deficient," but case law has not established that this is a valid reason for dismissal.  A court must individually assess each claim, and analyze the factual allegations to determine whether the claim is well-pleaded.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Defendant Nationstar also argues that the complaint should be dismissed because it failed to identify which claims are asserted against which defendants, *Motion to Dismiss*, Doc. 8, 4:17-27; 5:1-6, and Defendant cites to *McNeil v. Home Budget Loans*, an unpublished case, as its authority for dismissal.  In *McNeil v. Home Budget Loans*, the plaintiff set out an "incomprehensible complaint," No. CV 09-7588 ODW, 2010 WL 1999580, *2 (N.D. Cal. 2010), in which the plaintiff named fifteen defendants, "and then never again mentions a single one of these defendants, … or alleges that they in any way took part in the events" surrounding the foreclosure of his property, *Id.*.  Defendant Nation Star's Motion to Dismiss itself states that plaintiff made allegations against defendants particularly.  *See Motion to Dismiss*, Doc. 8, 4:26-27, 7:19-20.

Defendant Nationstar has cited no authority to support its contention that Plaintiff Michael Phu must individual identify defendants in every claim it sets out in order to state a claim under Federal Rule of Civil Procedure 8(a)(2).

**B.  Plaintiff Michael Phu does not need to allege tender in the complaint**

Plaintiff need only allege tender if plaintiff sets out a cause of action to set aside a

- 3 -

1  foreclosure sale. *See Lona v. Cititbank*, 202 Cal.App.4th 89, 104, 112 (2011). Plaintiff Michael

2  Phu is also excepted from the requirement to allege tender because: (1) Plaintiff Michael Phu is

3  excepted from the tender requirement because he challenges the validity of the debt as voidable

4  under California Civil Code §1632, because the Defendants illegally negotiated the home loan

5  contract in Vietnamese, Michael Phu's only language, but failed to give him a copy of the

6  contract in Vietnamese. *See Id.* at 115 (finding plaintiff not required to show tender where "the

7  deed of trust was illegal from the time of formation and therefore unenforceable and non-

8  assignable"). (2) Plaintiff Michael Phu is excepted from the tender requirement because he has a

9  counter claim against Defendant Nationstar as the beneficiary of the debt, and thus is not required

10  to offer tender. *See Id.* at 113-115. Finally, it is inequitable to impose on Plaintiff Michael Phu

11  the need to tender prior to bringing the claim because he sought to timely modify his home

12  mortgage in order to avoid foreclosure, but due to Defendant's dual tracking he was unable to

13  tender prior to foreclosure actions. *See Id.*

14      **C. Plaintiff properly pleaded violation of the Homeowner Bill of Rights**

15      Defendant Nationstar provided notice of default and of trustee sale on January 14, 2015.

16  The Homeowner Bill of Rights is currently in effect, and valid law applicable during the time of

17  Defendant Nationstar's actions. Defendant Nationstar is also actively in the process of

18  foreclosing on Plaintiff Michael Phu's home, with a foreclosure sale date of May 8, 2015.

19      **D. Plaintiff pleaded sufficient facts to state a claim for violation of California's Unfair**

20      **Competition Law, and to satisfy the standing requirement.**

21      California Business and Professions Code § 17200, ("Unfair Competition Law" or

22  "UCL"), is "directed toward the public's right to protection for from fraud, deceit and unlawful

23  conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519-520 (1997). The

24  statutory language referring to "any unlawful, unfair or fraudulent" conduct makes clear that a

25  practice may be considered unfair even if it is not specifically proscribed by law. *Cel-Tech*

26  *Communications v. L.A. Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999). The purpose of the

27  UCL is "to protect both consumers and competitors by promoting fair competition in commercial

28  markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002). Plaintiff

- 4 -

Michael Phu alleges that Defendant Nationstar violated the "unfair business act or practice" prong of the UCL.

To establish that Defendant Nationstar engaged in an "unfair" business practice or act, Plaintiff Michael Phu must show that (1) the consumer injury is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not have reasonably avoided. *Camacho v. Auto Club of S. Cal.*, 142 Cal.App.4th 1394, 1403 (2006).

Plaintiff communicated with Defendants that he was in the process of obtaining a modification on the subject property in order to reduce his interest rate with a loan modification and had obtained the services of Defendant Bank of America, on or about March 2, 2011.  On July 7, 2011, Plaintiff received a Notice of Trustee sale for an amount due of $845,225.50. Plaintiff never received any notice for default and believed the modification to be forthcoming and approved from Bank of America.  This is a process is commonly known as dual tracking. *See, e.g. Jolley v. Chase Home Finance, LLC*, 213 Cal.App.4th 872, 904 (2010 (describing "recent California legislation attempts over time to eliminate the practice of dual tracking and to ameliorate its effects").  Defendant Nationstar is the current beneficiary, by assignment on November 14, 2014, for Michael Phu's senior mortgage in the amount of $650,000 as principal. Plaintiff Michael Phu's justifiable reliance on misrepresentations by Defendants prevented him from exploring other ways to keep his mortgage because he thought a home loan modification was forthcoming.  Plaintiff suffered significant damage as a result, the future loss of his property and the opportunity for lower monthly payments. *See Zuniga v. Bank of America*, Case No. CV 14-06471 MWF (MRWx), 2014 U.S. Dist. Lexis 17704, *19 (C.D. Cal. Dec. 9, 2014).

Michael Phu has established a claim under the UCL because he has alleged a substantial injury affecting a property interest in his home and in lower monthly mortgage payments through modification.  Defendant Nationstar is actively pursuing foreclosure.  Plaintiff's Michael Phu's injury is not outweighed by countervailing benefits to consumers, as there is no benefit to consumers from dual-tracking as recognized by the California Legislature, and codified at Cal. Civ. Code § 2923.6.  *See Zuniga*, 2014 U.S. Dist. Lexis 17704, at *20.  Finally, Plaintiff Michael

- 5 -

1    Phu could not have reasonably avoided this injury as he cannot avoid Defendant's practice of dual

2    tracking.  Defendant Nationstar's Motion to Dismiss should thus be denied.

3    **E. Defendant Nationstar Mortgage LLC Breached its Contract**

4        "A cause of action for damages for breach of contract is comprised of the following

5    elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3)

6    defendant's breach and (4) the resulting damages to plaintiff." *Careau & Co v. Security Pacific*

7    *Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388.  A mortgage is a contract pursuant to

8    California Civil Code § 2920(a).  The Deed of Trust states that the "security instrument shall be

9    governed by federal law and the law of the jurisdiction in which the property is located."

10   Therefore, Defendant Nationstar LLC is bound to act in accordance with California Law when

11   initiating foreclosure on the subject property.

12       Specifically Defendant, JP Morgan Chase Bank, was bound to obey and comply with

13   California Civil Code §§ 2923.5, and 2923.52.  Defendant failed to provide written notice within

14   five business days after a notice of default is recorded as required by Civil Code § 2924.9,

15   2924.10.  Defendant failed to provide in the Notice of Default, a valid declaration of compliance

16   with the requirements of California Code of Civil Procedure § 2923.5.  Defendant failed to

17   provide a toll-free number for HUD and a face to face interview chance as required by Civil Code

18   2923.5.  *See Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1254.

19   Defendant failed to offer Plaintiff a modification as per the comprehensive loan modification

20   program which Defendant represented to the California Department of Corporations was in place,

21   so as to obtain an exemption from the additional 90-day period contained in Civil Code § 2923.5.

22   Accordingly, Defendant JP Morgan Chase failed to comply with California law, and directly

23   breached the mortgage agreement with Plaintiff, Michael Phu.  As a result of Defendant's breach,

24   Plaintiff suffered damages to be proven at trial.  Plaintiff has sufficiently alleged that defendant,

25   JP Morgan Chase, has breached its contract.

26   **F. Defendant Violated Civil Code § 1632, rendering the senior lien mortgage agreement**

27   **subject to rescission, and plaintiff's claim is not time-barred.**

28       California Civil Code § 1632 requires a person engaged in a trade or business who

- 6 -

1   negotiating primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing,

2   to deliver to the other party the contract or agreement and prior to the execution thereof, a

3   translation of the agreement in the language in which the contract was negotiated.  Loans secured

4   by real property, negotiated by a broker and "for use primarily for personal, family or household

5   purposes" are covered by the statute.  Cal. Civ. Code § 1632(b)(4); *ING Bank, v. Ahn* (N.D.Cal

6   2010) 717 F.Supp.2d 931.  Upon failure to comply with the provisions of this section, the person

7   aggrieved may rescind the contract or agreement.  Cal. Civ. Code § 1632.

8           Plaintiff only speaks Vietnamese, and negotiated the loan contract with Defendant JP

9   Morgan Chase Bank in Vietnamese.  Defendant as a broker was required to offer Michael Phu a

10  translated version of the loan agreement, but failed to provide a translation to the Plaintiff.

11  Accordingly Plaintiff Michael Phu as a right to rescind the contract due to Defendant's violation

12  of § 1632.

13          This violation of § 1632 is not time-barred, and does not have as statute of limitations of

14  one year as Defendant Nationstar argues in its briefs.  Courts have not treated a Section 1632

15  claim as having a one-year statute of limitation.   *See e.g. Lopez v. Asbury Fresno Imports, LLC,*

16  2015 Cal. App. LEXIS 115, *2 (Cal. App. 5th Dist. Feb. 6, 2015) (allowing plaintiff to state a

17  claim for violation of § 1632, two years after execution of the contract); *Graciano v. Robinson*

18  *Ford Sales, Inc.* (2006) 144 Cal. App. 4th 140, 146 (jury award on plaintiffs § 1632 not set aside

19  when claim was brought 18 months after entering into contract); *ING Bank*, 758 F. Supp. 2d at

20  938 (allowing plaintiff to state a claim for violation of § 1632, two years after execution of the

21  contract).

22          A contract is illegal if it is contrary to an express provision of law.  Cal. Civ. Code § 1667;

23  *see Espinoza v. Calva* (2008) 169 Cal.App.4th 1393, 1400 (failure to comply with the local

24  building code rendered the lease agreement illegal).  A contract may be unilaterally rescinded if

25  the contract is unlawful, and the parties are not equally at fault.  Cal. Civ. Code § 1689(b)(5); *see*

26  *McIntosh v. Mills* (2004) 121 Cal.App.4th 333, 344 n10 (finding a contract is voidable at the

27  option of the plaintiff if it is contrary to a statute); *see also Lona v. Citibank* (2011) 202

28  Cal.app.4th 89, 95 (finding that mortgage agreement was unconscionable when loan broker

- 7 -

1   ignored plaintiff's limited English fluency, moderate income, and little education).

2        By accepting assignment of the Deed of Trust on Plaintiff Michael Phu's senior lein,

3   Defendant Nationstar Mortgage LLC assumed the obligations and liabilities of the contract.

4   Violation of California Civil Code § 1632, renders the senior lien on Plaintiff Michael Phu's

5   home voidable at the option of Plaintiff Michael Phu.  Plaintiff Michael Phu seeks the remedy of

6   rescission for Defendant's violation of § 1632.  Plaintiff's claim for violation of California Civil

7   Code § 1632 is properly pleaded, and is not time-barred.  Accordingly, Defendant Nationstar

8   Mortgage LLC's motion to dismiss should be denied.

9   **G. Plaintiff's FDCPA Claim is not time barred**

10        Defendant Nationstar accepted assignment of the deed of trust on November 11, 2014, and

11   provided notice regarding default and the trustee sale on January 14, 2015.  Thus Plaintiff

12   Michael Phu's claim under the Fair Debt Collection Practices Act is timely.

13   **V.**

14   **Conclusion**

15        For the foregoing reasons, Plaintiff respectfully requests that the demurrer be overruled in

16   its entirety, or alternatively, that Plaintiff be granted leave to amend the Complaint as may be

17   appropriate, and for such other relief as the court may deem proper.

1    **Respectfully submitted,**

2

3

4                                             Dated this 3rd day of March, 2015

5

6

7                                             Don Dao, Esq (SBN #1527722)

8                                             Premier International Law Group

9                                             575 Anton Blvd, Suite 300<br>                                            Costa Mesa, CA 92626

10                                           888-202-2042<br>                                          888-958-1151

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION BRIEF TO DEFENDANTS MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

OPPOSITION BRIEF TO DEFENDANTS MOTION TO DISMISS

PropertyRadar.com, 10:58 AM

Back

**Interactive Property Profile**

Don Dao

**8161 E MARBLEHEAD WAY, ANAHEIM, CA 92808**

**Property Details**

| | | |
|---|---|---|
| Type: SFR - RSFR | Use Code: 1 | County: ORANGE |
| Year Built: 0 | Zoning: | APN: 354-392-14 |
| Beds: 0 | Units: 1 | Radar ID: P14016C4 |
| Baths: 0 | Rooms: 0 | Subdivision: 13267 |
| Sq Ft: 0 | Garage: No | Census: 021922 |
| Lot Sq Ft: 0 | Pool: No | Tract: 13267 |
| Lot Acres: 0 | Fireplace: No | Lot: 6 |
| Stories: 0 | HVAC: No | Parcel Map: Purchase |
| Legal: N-TRACT: 13267 BLOCK: LOT: 6 | | |

**Ownership**

PHU,MICHAEL TRUST
8161 E MARBLEHEAD WAY
ANAHEIM, CA 92808

Transfer Date: 5/3/2004
Purchase Amount: $0
Down Payment:
Transfer Type: NonMarket-Other

Owner Search: Search Owner...

**Tax Assessment**

| | | |
|---|---|---|
| Total Value: $836,787 | Annual Taxes: $8,986 | As of: 2014 |
| Land Value: $514,516 | Est. Tax Rate: 1.1% | Tax Area Area: 1172 |
| Improvements: $322,271 | Owner Exempt: No | Lookup Taxes: County Website |

**Market Value**

My Value: $893,194    $/sf

**Status**

| | |
|---|---|
| Estimated Value: $893,194 | Listed for Sale: No |
| Loan Balance: $730,000 | In Foreclosure: Preforeclosure |
| Est. Equity: $163,194 | Owner Occupied: Yes |

Status: None

Tags:

**Listing Details**

**No Listing**

Bird's Eye | Map | Aerial





# Exhibit B

OPPOSITION BRIEF TO DEFENDANTS MOTION TO DISMISS

20

P.O. Box 23159
San Diego, CA 92193-3159

IMPORTANT INFORMATION
ENCLOSED



71 96900 2484 0388 5501 0

Mailed On:          1/14/2015
Reference Number:   CA1400261781
Mailing Number:     0005748-01          ClientID: Veripris000369  CE

MICHAEL PHU
8161 EAST MARBLEHEAD WAY
ANAHEIM, CA 92808-2338

IMPORTANT INFORMATION IS CONTAINED WITHIN THE ATTTACHED NOTICE.

PLEASE READ CAREFULLY

VERIPRISE PROCESSING SOLUTIONS LLC IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

GenericAddressInsert.doc

Rev. 03/01/2011

Recording Requested By:
**WFG National Title Insurance Company**

<table>
<tr><td colspan="3">COPY of Document Recorded</td></tr>
<tr><td>at</td><td>**Orange**</td><td>County Recorder</td></tr>
<tr><td></td><td>**2015000006464**</td><td>**01/08/2015**</td></tr>
<tr><td colspan="3">has not been compared with original.</td></tr>
<tr><td colspan="3">Original will be returned when process</td></tr>
<tr><td colspan="3">has been completed.</td></tr>
</table>

When Recorded Mail To:

**VERIPRISE PROCESSING SOLUTIONS LLC**
**750 Hwy 121 BYP STE 100**
**Lewisville, TX 75067**

Fee: **21.00**   DTT   **0.00**   Total   **21.00**

APN:              **354-392-14**
Property Address: **8161 EAST MARBLEHEAD WAY**
                  **ANAHEIM, CA**
                  **92808-2338**

1400113649

TS No. :     **CA1400261781**
TSG No. :    **12-02382490-T**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY

- NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**Pursuant to California Civil Code Section 2924c(b)(1) please be advised of the following:**

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$292,198.66** as of **01/05/2015**, and will increase until your account becomes current.

TS No.:          CA1400261781                    TSG No. :   12-02382490-T
VA/FHA/PMI No.:

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **VERIPRISE PROCESSING SOLUTIONS LLC** is either the original trustee, the duly appointed substitute trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 11/09/2004, executed by:

**MICHAEL PHU, A SINGLE MAN,**

as Trustor(s) to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.** as Beneficiary, recorded 11/16/2004, (as Instrument No.) 2004001026936, (in Book) NA, (Page) NA of Official Records in the Office of the Recorder of **ORANGE COUNTY, CALIFORNIA** describing land therein as:
**AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST**

said obligations including ONE NOTE FOR THE ORIGINAL sum of **$650,000.00**.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 10/1/2008 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES. NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**



Declaration of Mortgage Servicer Pursuant to
Civil Code §2923.55(c)

Borrower(s):          MICHAEL PHU
Mortgage Servicer:    NATIONSTAR MORTGAGE LLC
Property Address:     8161 EAST MARBLEHEAD WAY, ANAHEIM, CA 92808

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1.  ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2.  ☑ The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code §2923.55(f), but has not made contact despite such due diligence. Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3.  ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

    ☐ An individual who has surrendered the secured property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, beneficiary, or authorized agent.

    ☐ An individual who has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries.

    ☐ An individual who has filed a case under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure.

4.  ☐ The requirements of California Civil Code §2923.55 do not apply because the loan encumbering the above-referenced property is not secured by a first lien mortgage or first lien deed of trust that secures a loan, or that encumbers real property, described in California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

NATIONSTAR MORTGAGE LLC
Mortgage Servicer

Dated: 5/30/14          By: _Albany Scott_ 5/30/14
                        Name (Print): Albany Scott/ Assistant Secretary



NOTICE OF DEFAULT
SUMMARY OF KEY INFORMATION

The attached notice of default was sent to **MICHAEL PHU, A SINGLE MAN,** in relation to: **8161 EAST MARBLEHEAD WAY, ANAHEIM, CA 92808-2338.** This property may be sold to satisfy your obligation and any other obligation secured by the deed of trust or mortgage that is in default. **MICHAEL PHU, A SINGLE MAN ,** has, as described in the notice of default, breached the mortgage or deed of trust on the property described above.

IMPORTANT NOTICE:  IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date the attached notice of default may be recorded (which date of recordation appears on the notice).

This amount is **$292,198.66** as of **01/08/2015** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

違約通知

關鍵信息摘要

本文中包含有關 **8161 EAST MARBLEHEAD WAY, ANAHEIM, CA 92808-2338**。

（所涉固定抵押貸款或產權契約違約的房產描述）

的違約通知發送給 **MICHAEL PHU, A SINGLE MAN**

（委托人姓名）

該房產可能被出售，以履行你的產權契約，抵押貸款及所應承擔的任何其它義務。

**MICHAEL PHU, A SINGLE MAN** 如違約通知中所描述，違反了上述房產的抵押貸款或產

權契約。

（委托人）

重要注意事項：如果你的房產因為你逾期未付款而進入法拍程序，可能不經任何法庭行動

而被出售。你可能有權利在法律允許的恢復賬戶時間內，支付你所有的逾期款項，加上應

付的成本和費用，使你的帳戶保持良好信譽。時間通常是確定你財產出售日期的五個工

作日之前。法拍日期要到本文中包含的違約通知被記錄在案（記錄日期出現在通知上）之

后的 90 天，才可能確定。

這一金額在 **$292,198.66** 時為 **01/08/2015**，並會增加，直到你的帳戶回歸正常。

（日期）

當你的房產進入法拍程序，你仍須支付應付票據和產權契約或抵押貸款的其它付款義務

（如保險費和稅金）。如果你沒有支付接下來的貸款，房地產稅，或財產保險及其它應付

票據和產權契約或抵押貸款所要求的付款義務，受益人或抵押權人可以堅持要求你履行這

些義務，以恢復你的帳戶信譽。此外，受益人或抵押權人可以以恢復你的帳戶為條件，要



盡管事實上你的房產已進入法拍程序，你可以上市出售你的房產。隻要出售程序在法拍程序結束之前完成即可。

請記住，如果你不迅速採取行動，你可能失去法律權利。

如果你想獲得更多的本摘要副本，請撥打下列電話 **855-683-3097**。

（電話號碼）



선순위 담보권, 재산세 및 재해 보험료을 지불했다는 확실한 서면 증거를 제공할 것을 요구할 수 있습니다.

서면 요청시, 신탁수익자나 저당권자는 지불되어야 할 전체 금액에 대한 조목별 기재 문서를 제공할 것입니다. 완불을 요구한다 하더라도 귀하는 귀하 계정의 전체 미납 부분을 모두 지불할 필요는 없지만, 지불하는 당시 모든 채무 불이행 금액이 지불되어야 합니다. 그러나, 귀하와 귀하의 신탁수익자 또는 저당권자는 매각 통보의 게시 시점 이전에, (1) 부동산의 양도 또는 다른 방법으로 채무 불이행을 해결할 수 있는 추가적인 시간 제공, 또는 (2) 채무 불이행을 해결하기 위한 지급 일정의 확립, 또는 (1)과 (2)를 함께 수행하는 서면 사전 합의와 같은 해결 방법들이 있습니다.

본 통지서의 첫번째 단락에 나타난 만기일 이후, 차압이 진행되는 채무 또는 귀하와 귀하의 채권자에 의한 별도의 서면 합의에 의해 추가적인 시간이 허용되지 않는 한, 채권자가 요구하는 전체 금액을 지불하는 것이 귀하의 부동산 매각을 저지할 수 있는 유일한 법적 권리입니다.

귀하가 지불해야 할 금액을 알아보시려면, 차압을 중단하기 위한 지불 방법에 대해 합의하시려면 또는 다른 어떤 이유로 인해 귀하의 부동산에 대한 차압이 진행되는 경우, 다음으로 연락하십시오:

**NATIONSTAR MORTGAGE LLC**
 (신탁수익자 또는 저당권자의 성명)


**c/o Nationstar Mortgage LLC**
**350 HIGHLAND DRIVE**
**LEWISVILLE, TX 75067**
(우편 주소)


**888-480-2432**
(전화번호)


질문이 있으신 경우, 변호사 또는 귀하의 대부금을 보증한 정부 기관에 연락하십시오.



AVISO DE INCUMPLIMIENTO

RESUMEN DE LA INFORMACIÓN CLAVE

El aviso de incumplimiento adjunto se envió a **MICHAEL PHU, A SINGLE MAN** en relación

(nombre del fideicomitente)

con **8161 EAST MARBLEHEAD WAY, ANAHEIM, CA 92808-2338**

(Descripción del bien que garantiza la hipoteca o escritura de fideicomiso en mora)

Es posible que esta propiedad sea subastada para cancelar su deuda y cualquier otra obligación garantizada por la escritura de fideicomiso o hipoteca en mora.  Tal como se

describe en el aviso de incumplimiento, **MICHAEL PHU, A SINGLE MAN** ha incumplido los términos de la

(fideicomitente)

hipoteca o escritura de fideicomiso relacionadas con la propiedad antes mencionado.

ADVERTENCIA DE IMPORTANCIA: SI LA PROPIEDAD VA A SER EJECUTADO POR UN ATRASO EN LOS PAGOS, PUEDE VENDERSE SIN NECESIDAD DE ENTABLAR NINGUNA ACCIÓN ANTE LA CORTE, pero usted tiene el derecho jurídico de regularizar su cuenta mediante el pago de todos los importes atrasados, más los costos y gastos permitidos, dentro del plazo permitido por ley para la regularización de la deuda, que es, por lo general, de cinco días hábiles antes de la fecha fijada para la subasta la propiedad.  No se puede fijar una fecha para la subasta hasta aproximadamente 90 días después de la fecha en que se registre el aviso de incumplimiento adjunto (fecha que figura en el aviso).

El importe adeudado es de $**292,198.66** al día **01/08/2015** y

(fecha)

aumentará hasta que se ponga al corriente en los pagos.

Mientras se mantenga vigente el procedimiento de ejecución de su propiedad, usted debe pagar otras obligaciones (tales como seguro e impuestos) exigidas en su vale y escritura de fideicomiso o hipoteca.  Si no realiza los próximos pagos del préstamo, los impuestos de la propiedad, el seguro de la propiedad u otras obligaciones requeridas por el vale y la escritura de fideicomiso o

Notice of Default – Spanish (Revised 12/18/12)

Si tiene alguna duda, debe consultar a un abogado o a la agencia de gobierno que asegura su préstamo.

Aun cuando ya se haya iniciado el procedimiento de ejecución, usted puede vender su propiedad, siempre que la venta se realice antes de la finalización del procedimiento de ejecución.

Recuerde que SI NO TOMA MEDIDAS DE INMEDIATO, ES POSIBLE QUE PIERDA SUS DERECHOS JURÍDICOS.

Si desea recibir copias adicionales de este resumen, puede llamar al teléfono **855-683-3097.** (ingresar número de teléfono)

panagot sa utang) o isinangla.  Kung kayo ay hindi makapagbayad sa utang, magbayad sa mga buwis sa ari-arian, kumuha ng insurance sa ari-arian, o bayaran ang iba pang mga obligasyon tulad nang hinihiling sa tala o deed of trust (papeles ng panagot sa utang) o isinangla, maaaring pilitin ng benepisyaryo o nag-sangla (nagkaloob ng isinangla) na gawin ninyo ito upang muling maitalaga ang inyong account patungo sa mainam na katayuan.  Bilang karagdagan dito,  maaaring hilingin bilang kondisyon ng benepisyaryo o nag-sangla para sa muling pagtatalaga, na kayo ay magbigay ng mapagkakatiwalaang nakasulat na katibayan na inyong nabayaran ang mga lumang garantiya, buwis sa ari-arian, at mga hulog sa seguro para sa pinsala.

Sa inyong naibigay na nakasulat na kahilingan, ang benepisyaryo o nag-sangla ay magbibigay sa inyo ng nakasulat na detalyadong listahan ng kabuuang halaga na dapat ninyong bayaran. Maaaring hindi ninyo kailangang bayaran ang kabuuan ng inyong hindi pa bayad na bahagi ng inyong account, kahit na hinihiling ang buong kabayaran, pero kailangan muna ninyong bayaran ang lahat ng mga halaga na nagkukulang ayon sa kasunduan sa panahon na naisagawa ang pagbabayad. Gayunman, kayo at ang inyong benepisyaryo o nag-sangla ay maaaring magkasundo sa pamamagitan ng kasulatan bago ilagay ang abiso ng pagbebenta (na hindi maaaring mas maaga sa tatlong buwan makalipas na matala itong notice of default o abiso ng hindi pagkakabayad) sa, bukod sa iba pang mga bagay, (1) magbigay ng dagdag na panahon kung saan ang kalutasan sa hindi pagtutupad sa napagkasunduan sa pamamagitan ng paglilipat ng ari-arian o sa iba pang paraan; o (2) magtatag ng tipanan ng mga pagbabayad upang malutas ang inyong pagkukulang; o parehong (1) at (2).

Kasunod ng paglipas ng itinakdang panahon na tinutukoy sa unang talaga ng pabatid na ito, maliban kung ang obligasyon sa pagkakaremata o sa hiwalay na nakasulat na kasunduan sa pagitan ninyo at ng inyong creditor ay nagpapahintulot sa isang mas pinatagal na panahon, mayroon lamang kayong legal na karapatan na ihinto ang pagbebenta ng inyong legal na ari-arian sa pamamagitan ng pagbabayad ng buong halagang hinihingi ng inyong creditor.

Upang malaman ang halagang kailangan ninyong bayaran, o para isaayos ang mga pagbabayad para maihinto ang pagkakaremata, o kung ang inyong ari-arian ay maremata sa iba pang kadahilanan, makipag-ugnayan sa:

**NATIONSTAR MORTGAGE LLC**

(Pangalan ng benepisyaryo o nag-sangla)

c/o Nationstar Mortgage LLC
350 HIGHLAND DRIVE



Notice of Default-Tagalog                    2                    (Revised 12/18/12)

THÔNG BÁO VỀ VIỆC QUÁ HẠN TRẢ NỢ (Notice of Default)

BẢN TÓM LƯỢC CÁC THÔNG TIN CHÍNH (Summary of Key Information)

Thông báo quá hạn trả nợ kèm theo đây được gửi cho **MICHAEL PHU, A SINGLE MAN**, liên quan đến

(Tên của người ủy thác) (Name of trustor)

**8161 EAST MARBLEHEAD WAY, ANAHEIM, CA 92808-2338**.

(Mô tả về căn nhà có hợp đồng vay thế chấp hoặc khế ước ủy thác quá hạn trả nợ)

(Description of the property that secures the mortgage or deed of trust in default)

Căn nhà này có thể được bán để hoàn trả số tiền nợ của quý vị và bất kỳ khoản nợ nào khác theo khế ước ủy thác hoặc hợp đồng vay thế chấp mua nhà đã quá hạn trả. Như trình bày

trong thông báo quá hạn trả nợ, **MICHAEL PHU, A SINGLE MAN** đã vi phạm hợp đồng vay thế chấp mua

(Người được ủy thác) (Trustor)

nhà hoặc khế ước ủy thác đối với căn nhà mô tả ở trên.

THÔNG BÁO QUAN TRỌNG: NẾU CĂN NHÀ CỦA QUÝ VỊ BỊ TỊCH THU THẾ NỢ VÌ QUÝ VỊ KHÔNG TRẢ TIỀN ĐÚNG HẠN, CĂN NHÀ ĐÓ CÓ THỂ ĐƯỢC BÁN MÀ KHÔNG CẦN KIỆN RA TÒA, và theo luật quý vị có quyền trả nợ đầy đủ cho trương mục của mình bằng cách trả toàn bộ số tiền đã quá hạn trả cộng với các khoản chi phí và phí tổn được phép trong thời gian luật pháp cho phép để khôi



cách chuyển nhượng căn nhà hoặc theo cách khác; hoặc (2) sắp xếp kế hoạch trả góp để khắc phục tình trạng vi phạm hợp đồng của quý vị; hoặc cả (1) và (2).

Sau khi hết thời hạn được nhắc tới trong đoạn đầu tiên của thông báo này, trừ khi số tiền bị tịch thu thế nợ hoặc có thỏa thuận riêng bằng văn bản giữa quý vị và chủ nợ cho phép gia hạn thêm thời gian, theo luật quý vị chỉ có quyền ngừng việc bán căn nhà của quý vị bằng cách trả toàn bộ số tiền mà chủ nợ yêu cầu.

Để biết số tiền mà quý vị phải trả, hoặc để thu xếp việc trả tiền nhằm ngăn chặn tình trạng tịch thu nhà thế nợ, hoặc nếu căn nhà của quý vị đang bị tịch thu thế nợ vì bất kỳ lý do nào khác, liên lạc:

**NATIONSTAR MORTGAGE LLC**

(Tên của người thụ hưởng hoặc bên vay thế chấp mua nhà) (Name of beneficiary or mortgagee)

**c/o Nationstar Mortgage LLC**

**350 HIGHLAND DRIVE**

**LEWISVILLE, TX 75067**

(Địa chỉ gửi thư) (Mailing address)

**888-480-2432**

(Điện thoại) (Telephone)

 Notice of Sale – Vietnamese (Revised 12/18/12)

VERIPRISE PROCESSING SOLUTIONS LLC
Lewisville, TX 75067
**Telephone:** 855-683-3097
**Fax:**       214-488-1521

**Jan 14, 2015**

FILE NUMBER:   **CA1400261781**
**MICHAEL  PHU**
**8161 EAST MARBLEHEAD WAY**
**ANAHEIM, CA 92808-2338**

Re:   Loan No.:      **XXXXXXXXXX5354**
      TS #:         **CA1400261781**

The current creditor to whom the debt is owed is: NATIONSTAR MORTGAGE LLC. The loan is serviced by Nationstar Mortgage LLC.  VERIPRISE PROCESSING SOLUTIONS LLC  has  been  authorized  by  the Servicer/Creditor  to  initiate  foreclosure  proceedings  in  connection  with  the  foreclosure  of  a  Deed  of  Trust associated with your real estate loan.

The amount of the outstanding debt as of  **09/09/2014** according to the records of our client is **$957,606.83**. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above an adjustment may be necessary after we receive your check, in which case we will inform you before depositing the check for collection. For further information, write the undersigned or call **855-683-3097**.

**Please be advised that VERIPRISE PROCESSING SOLUTIONS LLC is a debt collector attempting to collect the above-referenced debt. Any information obtained from you may be used for that purpose.**

Federal law gives you thirty days after receipt of this letter to dispute the validity of the debt or any part of it. If you don't dispute the debt within that period, VERIPRISE PROCESSING SOLUTIONS LLC will assume that the debt is valid. If you do dispute the debt in writing, VERIPRISE PROCESSING SOLUTIONS LLC will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, VERIPRISE PROCESSING SOLUTIONS LLC will furnish you with that information, too.

The law does not require expiration of this thirty-day waiting period prior to taking action to collect the debt. If, however, you request verification of the debt or the name and address of the original creditor within thirty days of receipt of this letter, the law requires that Veriprise Processing Solutions LLC suspend its efforts to collect the debt until you are mailed the requested information.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

IMPORTANT BANKRUPTCY NOTICE: If you are currently in a bankruptcy proceeding or have received a discharge of the debt referenced above, this notice is for informational purposes only and is not an attempt to collect a debt against you personally. You are being given this notice as a courtesy because your interest in Real Estate may be affected. If you are represented by an attorney, please provide this notice to your attorney.

Sincerely,
VERIPRISE PROCESSING SOLUTIONS LLC



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
575 Anton Blvd, Suite 300, Costa Mesa, CA, 92626

A true and correct copy of the foregoing document entitled (*specify*): Opposition Brief to Defendant Nationstar LLC's
Motion to Dismiss

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __3/4/2015_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
Mcguirewoods LLP
Attorneys for Defendant, Nationstar Mortgage LLC
1800 Century Park East, 8th Floor
Los Angeles, CA, 90067-1501

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

__03/04/2015____  __Jaimini Parekh_____        _____
*Date*                  *Printed Name*                                *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**